**Donald S. PRITT, Appellant,**

v.

**NATIONWIDE INSURANCE COMPANY, Appellee.**

No. 75–2279.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 6, 1976.

Decided Jan. 6, 1977.

Jeremy C. McCamic, Wheeling, W. Va. (McCamic & McCamic, Wheeling, W. Va., on brief), for appellant.

James F. Companion, U. S. Atty., Wheeling, W. Va., and Ross E. Campbell, General Counsel, Dept. of HEW, Baltimore, Md., for appellee.

Before CLARK, Associate Justice,* HAYNSWORTH, Chief Judge, and CRAVEN, Circuit Judge.

PER CURIAM:

Donald S. Pritt appeals from an order dismissing his complaint for lack of subject matter jurisdiction. Pritt, a West Virginia podiatrist, supplied medical services to individuals enrolled under the "Supplementary Medical Insurance" provisions of the Medicare program pursuant to Part B of Title 18 of the Social Security Act, 42 U.S.C. §§ 1395j–1395w. He accepted assignment of individual beneficiaries' claims as authorized under § 1395u(b)(3)(B)(ii). These claims were then presented for payment to Nationwide Insurance Company, appellee, designated as a "carrier" under 42 U.S.C. § 1395u to administer the Medicare Act. Certain of Pritt's claims were disallowed by the carrier on the basis that they fell within

---

* Tom C. Clark, Associate Justice of the United States Supreme Court, (Ret.), sitting by designation.

statutory limitations which prohibit payment for diagnosis and treatment of a specific physical condition or which involve certain noncovered aspects of foot care.

Special guidelines were applied to Pritt because the volume of his medical claims greatly exceeded that of other doctors in the West Virginia-Ohio area. Although the Social Security Act and regulations provide an administrative procedure for the hearing of denied claims under Part B of the Medicare program Pritt tried to bypass the administrative procedures by filing this suit soon after the administrative review had barely begun. Nevertheless, the administrative review proceeded and in due time the Hearing Examiner allowed some claims and denied others which granted Pritt the option of submitting additional evidence on certain claims which had not been timely filed.

This suit sought the reversal of denied claims and a declaration that the application of any guidelines purporting to limit the amount of reimbursement infringed Pritt's constitutional rights.

The district judge, after careful review of the record, concluded that Pritt was not entitled to relief. Upon consideration of the record, the briefs and oral argument, we agree with this conclusion and affirm the judgment upon the opinion of the district judge.

AFFIRMED.